Case 201601421-7 : ELLINGTON, BRENDA BROWN VS. NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA Court: 001 Type: OTHER CONTRACT

Case 4:16-cv-00567 Document 1-2 Filed in TXSD on 03/03/16 Page 1 of 39

| Image Number | Document Type | Activity Type | Activity Date | PJN | Notes | Pages |
|---|---|---|---|---|---|---|
| 68505722 | CASE FILE | D5018 - New Case Filings | 1/11/2016 | | Plaintiffs' Original Petition, Request for Equitable Relief and Request for disclosure | 20 |
| 68505723 | CASE FILE | D5018 - New Case Filings | 1/11/2016 | | Civil Case Information Sheet | 2 |
| 68716732 | CASE FILE | D5011 - Internal Documents | 1/19/2016 | | Civil Process Pick-Up Form | 1 |
| 68835371 | CASE FILE | D5009 - Correspondence | 2/3/2016 | | Filing Letter | 1 |
| 69128385 | CASE FILE | D5011 - Internal Documents | 2/15/2016 | | Civil Process Pick-Up Form | 1 |
| 69132303 | CASE FILE | D5011 - Internal Documents | 2/15/2016 | | Civil Process Pick-Up Form | 1 |
| 69180974 | CASE FILE | D5030 - Service Returns | 2/26/2016 | | Citation | 2 |
| 69180975 | CASE FILE | D5030 - Service Returns | 2/26/2016 | | Citation | 2 |

GOVERNMENT EXHIBIT
1

NO. _____

| | | |
|---|---|---|
| **BRENDA BROWN ELLINGTON** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **NATIONAL AERONAUTICS and** | § | |
| **SPACE ADMINISTRATION (NASA),** | § | |
| **NATIONAL  SHARED SERVICES** | § | |
| **CENTER (NSSC), and METLIFE LIFE** | § | |
| **INSURANCE CO. and OFFICE OF** | § | **HARRIS COUNTY, TEXAS** |
| **FEDERAL EMPLOYEE GROUP LIFE** | | |
| **INSURANCE (OFEGLI),** *Defendants* | | |

### PLAINTIFFS' ORGINAL PETITION, REQUEST FOR EQUITABLE RELIEF AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

COMES NOW, **BRENDA BROWN ELLINGTON**, hereinafter referred to as ("Plaintiff") complaining of and about **NATIONAL AERONAUTICS and SPACE ADMINISTRATION (NASA), NATIONAL AERONAUTICS and SPACE ADMINISTRATION NATIONAL SHARED SERVICES CENTER (NSSC) and METLIFE INSURANCE COMPANY and OFFICE OF FEDERAL EMPLOYEE GROUP LIFE INSURANCE (OFEGLI)**, ("*Defendants"*).

### I. DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.2 because this suit involves monetary relief totaling greater than $50,000.00, excluding court costs, prejudgment interest, and attorney fees.

### II. PARTIES

Plaintiff, BRENDA ELLINGTON, an individual, is a resident of Harris County, Texas. The last three digits of her Social Security number are 030.

Defendants, **NATIONAL AERONAUTICS and SPACE ADMINISTRATION (NASA), NATIONAL AERONAUTICS and SPACE ADMINISTRATION NATIONAL SHARED SERVICES CENTER (NSSC), UNITED STATES OFFICE OF PERSONNEL MANAGEMENT (OPM), METLIFE INSURANCE COMPANY (MetLife), and OFFICE OF FEDERAL EMPLOYEE GROUP LIFE INSURANCE (OFEGLI),**

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 1 of 20

### III.  SERVICES

Defendants, **NATIONAL AERONAUTICS and SPACE ADMINISTRATION (NASA), NATIONAL AERONAUTICS and SPACE ADMINISTRATION NATIONAL SHARED SERVICES CENTER (NSSC),** is an agency of the Federal Government of the United States doing business in the State of Texas and service should be made on the Associate Chief Counsel, General Law Practice Group, NASA Johnson Space Center, 2101 NASA Parkway, Houston, Texas 77058.

Defendants, **METLIFE INSURANCE COMPANY,** is an insurance company doing business in the State of Texas and should be served at its Registered Agent of Service for the State of Texas, CT Corporation Service, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**OFFICE OF FEDERAL EMPLOYEE GROUP LIFE INSURANCE (FEGLI)**, is a group life insurance program for Federal and Postal employees and retirees, which is administered by the Office of Personnel Management, an agency of the United States Federal Government. Service should be made on Attorney Kenneth Magidson, United States Attorney for the Southern District of Texas, 1000 Louisiana, Suite 2300, Houston, Texas 77002; and by sending copies by registered or certified mail to Loretta Lynch, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001 Fed. R. Civ. P. 4(i)(1)(A)

### IV.  JURISDICTION AND VENUE

Venue for this suit is proper in Harris County.  All or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas,

### V. FACTS

1.      Petitioner, Brenda Brown Ellington, has been employed for National Aeronautics and Space Administration, (NASA – hereinafter referred to as "Employer") for over forty (40) years and has always maintained life insurance through her employer under the National Shared Services Center (NSSC) under the Office of Federal Employee Group Life Insurance provided by MetLife Insurance Company.  Her life insurance premium payments were deducted from her payroll every pay period.

2.      In 1994, Ms. Brown married Mr. Charles Ellington (hereafter referred to as "Insured"), and immediately listed him on her life insurance Option C through the National Shared Services

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 2 of 20

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 3 of 20

Center (NSSC) under the Office of Federal Employee Group Life Insurance (FEGLI) provided by MetLife Insurance Company in September 2005.  Employer deducted life insurance premium payments for Insured from Ms. Ellington's pay every pay period.

3.      On or about June 20, 2007, Insured and Ms. Brenda Brown Ellington divorced

4.      Ms. Ellington informed her supervisor in writing that she and Insured were divorced.

5.      Employer continued to deduct life insurance premium payments for Insured from Ms. Ellington's pay every pay period.

6.      On March 24, 2012 Mr. Charles Ellington died.

7.      Ms. Ellington filed a claim against the insurance company for a disbursement on the life insurance policy on Insured on April 3, 2012. Employer NASA never removed him from the policy.

8.      Employer NASA continued to deduct policy premiums from her pay every pay period after Ms. Ellington filed a claim against the insurance company.

9.      Following the filing of the claim, Defendant employer sent reimbursements via bank deposits to her account totaling ninety dollars and no/100 ($ 90.00) to Ms. Ellington.  The employer explained that the reimbursements represented the money that had been paid in premiums by Ms. Ellington for her son - who had reached the age of twenty-two (22) years and was no longer eligible for coverage on April 3, 2008 (four years prior) as well as for premiums for Insured Mr. Ellington, from 2005 to 2012.

10.     Defendant Employer continued to deduct insurance premiums from Plaintiff's checks until January 15, 2014, two (2) years after it had been informed of Insured's death.

11.     Ms. Ellington retained the services of an attorney to pursue claims against Defendants. Attorney sent numerous letters of correspondence to Defendants asserting her claim. Ms.

3

Ellington, by and through her attorney, exhausted administrative remedies in March 2015 and is hereby bringing this claim.

## VI.  CAUSES OF ACTION

**Breach of Contract**

In 1994, when Plaintiff Ellington married, she entered a valid and enforceable contract through FEGLI with defendant MetLife. By this contract, the parties agreed that plaintiff would pay premiums through payroll deduction. MetLife would provide Life Insurance coverage on the life of the insured and that defendant would pay death benefits to Plaintiff as the listed beneficiary of the insurance policy.

Plaintiff Ellington was a party to the contract as a signatory to the contract and indicated her consent to be bound by the contractual promises. *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex.2006); *Bookout v. Bookout*, 165 S.W.3d 904, 911-12 (Tex.App. – Texarkana 2005, no pet.). Ms. Ellington signed benefits paperwork that put the insurance policy in force and indicated her consent to be bound by authorizing and accepting payroll deductions of insurance premiums from her pay.

Alternatively, Plaintiff Ellington was a party to the contract as an intended third-party beneficiary of the contract between FEGLI and MetLife. *City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex.2011); *In re Palm Harbor Homes, Inc.,* 195 S.W.3d 672, 677 (Tex.2006); *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex.2002). A third party is a beneficiary of a contract if (1) the contracting parties intended to secure a benefit for the third party and (2) the contracting parties entered into the contract directly for the third party's benefit. *Basic Capital Mgmt. v. Dynex Commercial, Inc.*, 348 S.W.3d 894, 900 (Tex.2011). Stine 80 S.W.3d at 589; *MCI Telecomms. Corp v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex 1999). Here the

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 4 of 20

Defendants contemplated and entered the contract for life insurance benefits specifically for employees of NASA.

Plaintiff fully performed plaintiff's contractual obligations. She remained employed throughout the term of the life insurance coverage, during which time premiums were withheld from her pay without interruption. She properly directed questions and updates affecting the life insurance policy to her employing office as instructed in the FEGLI Program Handbook. She timely filed a claim upon the death of the insured.

Defendant breached the contract by denying the valid claim when submitted. Instead defendant attempted to rescind the contract by sending reimbursement of premiums paid by Plaintiff Ellington through direct deposit to her bank account. Further, Defendant continued to deduct premiums from Plaintiff's pay for two years after Plaintiff informed Defendant of insured's death.

Defendant's breach caused injury to plaintiff, which resulted in the following damages: Plaintiff is entitled to economic damages, including expectancy damages in the form of the full payment of death benefits, which should have been paid in 2012, plus interest, less the payment of premiums.

Plaintiff seeks actual damages. Mead v. Johnson Group, 615 S.W.2d 684, 687 (Tex. 1981). Plaintiff also seeks prejudgment and post-judgment interest. Perry Roofing Co. v. Olcott, 744 S.W.2d 929, 930-31 (Tex. 1988). Plaintiff seeks court costs under Rules 125-149, and attorney fees under Tex. Civ. Prac. & Rem. Code §38.001(8). Further, Plaintiff's injury resulted from Defendant's actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 5 of 20

**Breach of Code of Federal Regulations**

The Code of Federal Regulations § 870.104(a), which governs administration and general provisions of the FEGLI contract with MetLife, states in part, "If an individual erroneously becomes insured, the coverage will remain in effect if at least 2 years pass before the error is discovered, and if the individual has paid applicable premiums during that time." 5 CFR 870.104.

The Federal Employees' Group Life Insurance (FEGLI) Program Handbook, published by U.S. Office of Personnel Management states under "Life Insurance Questions," "[c]urrent employees must direct questions to their employing office. The employing office maintains the FEGLI records for their employees." *Federal Employees' Group Life Insurance (FEGLI) Handbook,* U.S. Office Of Pers. Mgmt. 13 (July 2008).

Shortly after her divorce in 2007, Plaintiff Ellington notified her employing office of her divorce, orally and in writing that she was divorced. Nevertheless, her employing office continued to deduct premiums from her pay until Plaintiff notified her employing office of her ex-husband's death in 2012, thus exceeding timeframe set out by the Incontestability provision of the Code by three years.

**Breach of Texas Insurance Code, Ch. 541—Misrepresentation Regarding the Terms of the Policy**

The Defendant breached the Insurance Code, Chapter 541, when it represented to the Plaintiff and the Insured that the Life Insurance Policy covered the Insured.  Now that the Insured is dead, the Defendant denies that the policy covered the Insured.  It is a deceptive act in the business of insurance to make a statement with respect to a policy misrepresenting the terms of the policy.  Tex. Ins. Code Sec. 541.051 (1)(a).

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 6 of 20

The Defendant made certain misrepresentations that included but are not limited to that the Insured qualified for coverage under the policy and that the policy would produce proceeds for the named beneficiary upon the Insured's death. The Defendant now asserts that the Insured did not qualify for coverage under the policy and refuses to pay the life insurance proceeds.

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152(a)(1). The Plaintiff further seeks any other relief that the court determines is proper.  Tex. Ins. Code Sec. 541.152(a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152 (b). Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003 (a).

### Breach of the Texas Insurance Code, Ch. 541—Misrepresentation Regarding the Benefits of the Policy

The Defendant breached the Insurance Code, Chapter 541, when it represented to the Plaintiff and the Insured that it would pay the life insurance proceeds to Plaintiff upon the Insured's death.  The Defendant has not paid.  Instead, Defendant returned the funds it received from Plaintiff for the policy.  It is a deceptive act in the business of insurance to make a statement with respect to a policy and misrepresent the benefits promised under that policy.  Tex. Ins. Code Sec. 541.051(1)(b).

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152 (a)(1).  The Plaintiff further seeks any other relief that the court determines is proper.  Tex. Ins. Code Sec. 541.152 (a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 7 of 20

Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152 (b). Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages. Tex. Civ. Prac. & Rem. Code Sec. 41.003 (a).

**Breach of the Texas Insurance Code, Ch. 541—Misrepresentation Regarding the True Nature of the Policy**

The Defendant breached the Insurance Code, Chapter 541, when it represented to the Plaintiff and the Insured that the Plaintiff had purchased a Life Insurance Policy.  Defendant now denies a policy was ever in effect.  It is a deceptive act in the business of insurance to use a name or title of a policy that misrepresents the true nature of the policy.   Tex. Ins. Code Sec. 541.051(4).

The policy that Plaintiff purchased had the words "Life Insurance Policy" at the bottom. She paid premiums on the policy, which the Defendant accepted by deducting from Plaintiff's paychecks.  After the Insured died, Plaintiff tried to collect on the Life Insurance Policy, but the Defendant now denies that a Life Insurance Policy claim.  And, Defendant continued to deduct premiums from Plaintiff's account seven (7) months after Insured was deceased.

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152(a)(1).  The Plaintiff further seeks any other relief that the court determines is proper.  Tex. Ins. Code Sec. 541.152 (a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152 (b). Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 8 of 20

fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003 (a).

### Breach of the Texas Insurance Code, Ch. 541 — Unfair Settlement Practices by Failing to Attempt in Good Faith to Effectuate a Settlement

The Defendant breached the Insurance Code, Chapter 541, when it refused to pay the proceeds of a policy when its liability was clear.  The Defendant sold the Plaintiff a term Life Insurance Policy on which the Plaintiff made regular payments.  When the Insured died and the Plaintiff made a claim for the proceeds, the Defendant denied payment of the life insurance proceeds.  It is an unfair settlement practice to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.  Tex. Ins. Code Sec. 541.060 (a)(2)(A).

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152(a)(1).  The Plaintiff further seeks any other relief that the court determines is proper.  Tex. Ins. Code Sec. 541.152 (a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152 (b). Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003 (a).

### Breach of the Texas Insurance Code, Ch. 542—Violation of the Unfair Claim Settlement Practices Act—Not Attempting in Good Faith to Settle a Claim in Which Liability Has Become Reasonably Clear

The Defendant breached the Insurance Code, Chapter 542, when it failed to act in good faith by attempting to effect a prompt, fair and equitable settlement of a claim in which liability

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 9 of 20

had become reasonably clear. The Defendant sold the Plaintiff a term Life Insurance Policy on which the Plaintiff made regular payments.  When the Insured died and the Plaintiff made a claim for the proceeds, the Defendant denied payment of the life insurance proceeds.  It is an unfair claim settlement practice to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.  Tex. Ins. Code Sec. 542.003(b)(4).

The Plaintiff is also entitled to interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.  Tex. Ins. Code Sec. 542.060 (a).  The Plaintiff also seeks exemplary and punitive damages under Tex. Ins. Code Sec. 542.061 and Tex. Civ. Prac. & Rem. Code Sec. 41.003 (a).

### Violation of the Texas Deceptive Trade Practices Act via Breach of the Texas Insurance Code, Ch. 541—Unfair Settlement Practices by Misrepresenting the Terms of the Policy

The Defendant violated the Texas Deceptive Trade Practices Act when it represented to the Plaintiff and the Insured that the policy covered the Insured.  Now that the Insured is dead, the Defendant denies that the policy ever covered the Insured.  It is a deceptive trade practice to make a statement with respect to a policy misrepresenting the terms of the policy.  Tex. Ins. Code Sec. 541.051(1)(a); Tex. Bus. Comm. Sec. 17.50(a)(4).

The Defendant made certain misrepresentations that included but are not limited to that the Insured qualified for coverage under the Life Insurance Policy and that the policy would produce proceeds for the named beneficiary upon the Insured's death. The Plaintiff relied on Defendant's representations of certain policy provisions and purchased two policies based on those representations.  The Defendant now asserts that the Insured did not qualify for coverage under the policy and refuses to pay the life insurance proceeds.

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 10 of 20

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152(a)(1).  The Plaintiff also seeks an order enjoining the acts complained of.  Tex. Ins. Code Sec. 541.152(a)(2).  The Plaintiff further seeks any other relief that the court determines is proper.  Tex. Ins. Code Sec. 541.152(a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152(b).  Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003(a).

### Violation of the Texas Deceptive Trade Practices Act via Breach of the Texas Insurance Code, Ch. 541—Unfair Settlement Practices by Misrepresenting the Benefits of the Policy

The Defendant violated the Texas Deceptive Trade Practices Act when it represented to the Plaintiff and the Insured that it would pay the life insurance proceeds to Plaintiff upon the Insured's death.  The Insured has now died and the Defendant refuses to pay.  It is a deceptive trade practice to make a statement with respect to a policy and misrepresent the benefits promised under that policy.  Tex. Ins. Code Sec. 541.051(1)(b); Tex. Bus. & Comm. Sec. 17.50(a)(4).

The Plaintiff purchased and had in effect one (1) life insurance policy, which covered the Plaintiff, her husband and her son, based on the Defendant's representations.  Defendant represented that the Life Insurance Policy would pay out upon death.  Defendant did not pay on the death of the "Insured", under the Life Insurance Policy, but continued to deduct monthly premiums from Plaintiff's paycheck.

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152(a)(1).  The Plaintiff further seeks any other relief

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 11 of 20

that the court determines is proper.  Tex. Ins. Code Sec. 541.152(a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152(b). Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003(a).

**Violation of the Texas Deceptive Trade Practices Act via Breach of the Texas Insurance Code, Ch. 541—Unfair Settlement Practices by Misrepresenting the True Nature of the Policy**

The Defendant violated the Texas Deceptive Trade Practices Act when it represented that the Plaintiff had purchased a Life Insurance Policy that covered the "Insured".  The Defendant now denies that a policy was ever in effect.  It is a deceptive trade practice to use a name or title of a policy that misrepresents the true nature of the policy.  Tex. Ins. Code Sec. 541.051(4); Tex. Bus. & Comm. Sec. 17.50(a)(4).

The policy that the Plaintiff purchased the "Life Insurance Policy", and she paid premiums on the policy, which the Defendant accepted.  Plaintiff had a conversation with the Defendant's agent about this policy to confirm that she was indeed purchasing a Life Insurance Policy, and was told by Agent that the policy would pay out on the Insured's death.  After the Insured died, the Plaintiff tried to collect on the Life Insurance Policy, but the Defendant now denies that a Life Insurance Policy was ever in effect.

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152(a)(1).  The Plaintiff further seeks any other relief that the court determines is proper.  Tex. Ins. Code Sec. 541.152(a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 12 of 20

Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152(b).

Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003(a).

**Violation of the Texas Deceptive Trade Practices Act via Breach of the Texas Insurance Code, Ch. 541 —Failing to Attempt in Good Faith to Effectuate a Settlement**

The Defendant violated the Texas Deceptive Trade Practices Act when it refused to pay the proceeds of a policy when its liability was clear.  It is an unfair settlement practice to fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.  Tex. Ins. Code Sec. 541.060 (a)(2)(A); Tex. Bus. & Comm. Code Sec. 17.50 (a)(4).

The Defendant sold to the Plaintiff a term Life Insurance Policy on which the Plaintiff made regular payments.  When the Insured died and the Plaintiff made a claim for the proceeds, the Defendant denied payment of the life insurance proceeds.

The Plaintiff seeks actual damages, plus court costs and reasonable and necessary attorney's fees.  Tex. Ins. Code Sec. 541.152(a)(1).  The Plaintiff further seeks any other relief that the court determines is proper.  Tex. Ins. Code Sec. 541.152(a)(3).  And the Plaintiff also alleges that the Defendant knowingly committed the acts complained of, thereby entitling the Plaintiff to up to three times the Plaintiff's actual damages.  Tex. Ins. Code Sec. 541.152(b).

Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003(a).

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 13 of 20

**Violation of the Texas Deceptive Trade Practices Act – Misrepresenting that the Policy was of a Particular Quality or Model when it was of Another**

The Defendant made misrepresentations when its agent failed to acknowledge and inform Plaintiff that the insurance Plaintiff was purchasing would not cover the Insured.   Instead, Defendant's agent continued to deduct life insurance premium payments from Plaintiff's pay.

The Plaintiff seeks up to three times her economic and mental anguish damages.   Tex. Bus. & Comm. Code Sec. 17.50(b)(1).   Plaintiff further asks that this court grant any other relief which it deems proper.   Tex. Bus. & Comm. Code Sec. 17.50(b)(4).   Plaintiff also asks that she be compensated for costs and all reasonable and necessary attorney's fees.   Tex. Bus. & Comm. Code Sec. 17.50(d).   Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.   Tex. Civ. Prac. & Rem. Code Sec. 41.003(a).

**Violation of the Texas Deceptive Trade Practices Act –Representing that an Agreement Involves Rights Which it Does Not Have or Involve**

The Defendant violated the Deceptive Trade Practices Act when it intentionally represented that the Plaintiff had the right to obtain policy proceeds upon the Insured's death, and the Plaintiff and Insured detrimentally relied on it.   The Defendant now denies that the Plaintiff is entitled to the proceeds.   It is a deceptive trade practice to represent that an agreement involves rights which it does not have or involve.   Tex. Bus. & Comm. Sec. 17.46(b)(12).

Plaintiff was designated as the beneficiary on the Life Insurance Policy.   After the "Insured" died, the Defendant refuses to pay the full amount of the Life Insurance Policy.

The Plaintiff seeks up to three times her economic and mental anguish damages.   Tex. Bus. & Comm. Code Sec. 17.50(b)(1).   Plaintiff further asks that this court grant any other relief which it deems proper.   Tex. Bus. & Comm. Code Sec. 17.50(b)(4).   Plaintiff also asks that she

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 14 of 20

be compensated for costs and all reasonable and necessary attorney's fees.  Tex. Bus. & Comm. Code Sec. 17.50(d).   Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003(a).

### Violation of the Texas Deceptive Trade Practices Act –Unconscionable Acts

Defendant violated the Deceptive Trade Practices Act when it acted unconscionably toward Plaintiff.  An unconscionable act is an act that intentionally takes advantage of the Plaintiff to a grossly unfair degree and to her detriment.  Defendant took advantage of Plaintiff to a grossly unfair degree when it represented to Plaintiff about the policy provisions, thereby inducing Plaintiff to purchase the Life Insurance Policy that Defendant knew would not be honored once the "Insured" died.  It is a deceptive trade practice to act unconscionably and take an unconscionable course of action.  Tex. Bus. & Comm. Code Sec. 17.50(a)(3).

The Plaintiff seeks up to three times her economic and mental anguish damages.  Tex. Bus. & Comm. Code Sec. 17.50(b)(1).  Plaintiff further asks that this court grant any other relief which it deems proper.  Tex. Bus. & Comm. Code Sec. 17.50(b)(4).  Plaintiff also asks that she be compensated for court costs and all reasonable and necessary attorney's fees.  Tex. Bus. & Comm. Code Sec. 17.50(d).  Further, the Plaintiff's injuries resulted from the Defendant's gross negligence, malice, or actual fraud, which entitles the Plaintiff to exemplary damages.  Tex. Civ. Prac. & Rem. Code Sec. 41.003(a).

### Common Law Promissory Estoppel

Defendant promised Plaintiff that Defendant would insure the Insured's life, in exchange for Plaintiff's payment of monthly life insurance premiums to Defendant.

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 15 of 20

Plaintiff relied on Defendant's promise to her detriment by paying monthly premiums to Defendant.  Because of the nature of the promise, Plaintiff's reliance was both reasonable and substantial.

Defendant knew, or reasonably should have known, that Plaintiff would rely on Defendant's promise.

When it received notice from the Plaintiff that the Insured had died, Defendant broke its promise by not paying the proceeds of the life insurance.

Only if Defendant's promise is enforced can injustice to Plaintiff be avoided.

Plaintiff seeks actual damages.  Plaintiff also seeks prejudgment and post-judgment interest.  Traco Inc. v. Arrow Glass Co., 814 S.W.2d 186, 194-95 (Tex.App. – San Antonio 1991, writ denied).  Plaintiff also seeks court costs under Rules 125-149, and attorney fees. Traco, 814 S.W.2d at 194.  Further, Plaintiff's injury resulted from Defendant's actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)

**Common Law Fraud**

Defendant represented to Plaintiff that, if Plaintiff paid monthly life insurance premiums to Defendant on behalf of the Insured, then the Defendant would pay life insurance proceeds to the Plaintiff when the Insured eventually died.

Defendant's representation to Plaintiff was material, because Plaintiff would not have paid monthly insurance premiums to Defendant, if Plaintiff had known that Defendant would not pay the life insurance proceeds.

Defendant's representation to Plaintiff was a false statement of fact and a false statement of future performance.

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 16 of 20

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 17 of 20

Defendant's conduct amounted to a false representation when it accepted premiums issued a Life Insurance Policy, thereby leading the Plaintiff to believe that the Defendant would pay the life insurance proceeds upon the "Insureds" death.

Defendant never paid out life insurance proceeds to Plaintiff.

Defendant made the false representation recklessly, as a positive assertion.

Defendant also knew that the assertion was false.

Defendant intended for Plaintiff to rely on, and had reason to expect that Plaintiff would act in reliance on, the false misrepresentation.

Plaintiff relied on Defendant's false representation when Plaintiff paid monthly insurance premiums to Defendant.

Plaintiff seeks actual economic and actual non-economic damages.  Tex. Civ. Prac. & Rem. Code §41.001(4),(12).  Plaintiff would further show that her injury resulted from Defendant's actual fraud or malice, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code sec. 41.003(a).

**Common Law Negligence**

The Defendant owed a legal duty to the Plaintiff.  The Defendant's duties included, but were not limited to:

- Duty to exercise the degree of care, skill, and competence that a reasonable, competent member of the profession would exercise under similar circumstances;

- Duty to not make misrepresentations;

Plaintiff seeks actual economic and actual non-economic damages.  Tex. Civ. Prac. & Rem. Code §41.001(4),(12).  Plaintiff seeks court costs under Rules 125-149, and attorney fees under Tex. Civ. Prac. & Rem. Code §38.001(8) and Nationwide Mut. Ins. Co. v. Holmes, 842

S.W.2d 335, 341 (Tex.App. – San Antonio 1992, writ denied.  Plaintiff would further show that her injury resulted from Defendant's actual fraud or malice, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code sec. 41.003(a).

**Common Law Negligent Misrepresentation**

Defendant represented to Plaintiff that Plaintiff was purchasing a Life Insurance Policy and that the Insured would be covered under that policy.

Defendant made the representation in the course of Defendant's business, and in the course of a transaction in which Defendant had an interest.

Defendant did not use reasonable care in communicating the information.

Plaintiff justifiably relied on Defendant's representation when Plaintiff consented to, and did in fact pay, monthly premiums since the life insurance policy was accepted and went into effect.

Plaintiff seeks actual economic and actual non-economic damages.  Tex. Civ. Prac. & Rem. Code §41.001(4),(12).  Plaintiff seeks court costs under Rules 125-149, and attorney fees under Tex. Civ. Prac. & Rem. Code §38.001(8) and Nationwide Mut. Ins. Co. v. Holmes, 842 S.W.2d 335, 341 (Tex.App. – San Antonio 1992, writ denied.  Plaintiff would further show that her injury resulted from Defendant's actual fraud or malice, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code sec. 41.003(a).

**Common Law Negligent Training and Supervision**

In addition to the other counts, Defendant negligently supervised and trained Defendant's agent.

Defendant had a legal duty to train competent employees.

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 18 of 20

Defendant now says that the policy should not have been in force because the Insured was not qualified to receive benefits under the policy.

Defendant's breach of its duty to supervise and train competent employees proximately caused Plaintiff's aforementioned injuries.

If Defendant had properly supervised Agent and overseen Agent's work, the policy that Agent originally executed might not have been approved.

But, since Defendant failed to properly supervise Agent, the Life Insurance Policy was executed and approved, and Plaintiff has paid on it ever since.

Plaintiff seeks actual economic and actual non-economic damages.  Tex. Civ. Prac. & Rem. Code §41.001(4),(12).  Plaintiff seeks court costs under Rules 125-149, and attorney fees under Tex. Civ. Prac. & Rem. Code §38.001(8) and Nationwide Mut. Ins. Co. v. Holmes, 842 S.W.2d 335, 341 (Tex.App. – San Antonio 1992, writ denied).  Plaintiff would further show that her injury resulted from Defendant's actual fraud or malice, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code sec. 41.003(a).

## VII.  NOTICE AND CONDITIONS PRECEDENT

All notice requirements and conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VIII. REQUEST FOR DISCLOSURE

Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described under the Texas Rules of Civil Procedure 194in the 194.

## IX. JURY TRIAL DEMANDED

Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 19 of 20

## X. OBJECTION TO ASSOCIATE JUDGE

Plaintiffs object to this case being referred to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have the following:

Judgment against Defendant for actual damages in an amount greater than $200,000, but less than $1,000,000; expectancy damages in the form of lost profits; expectancy damages in the form of cost of delay in performance; expectancy damages in the form of cost of mitigation; expectancy damages in the form of cost of substitute performance; expectancy damages in the form of loss of credit reputation; expectancy damages in the form of loss of financing; reliance damages; restitution damages; exemplary damages; prejudgment interest as provided by law; attorney's fees; post-judgment interest as provided by law; costs of suit; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully requested,
T.J. Davis Law Firm, PLLC
1314 Texas Ave., Suite 712
Houston, Texas 77002
Tel. (713) 224-7400
Fax. (713) 224-7402


BY:  _/s/ TIMBERLY J. DAVIS_
Timberly J. Davis
State Bar No.:24040772
Attorney for Plaintiff

BY:  _/s/ BRYAN TERHUNE_
Bryan Terhune
State Bar No.:24089075
Attorney for Plaintiff

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505722 - Page 20 of 20



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016

Certified Document Number:      68505722 Total Pages:  20

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

1/9/2016 7:19:12 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 8537795
By: FRANKLIN, KRYSTAL G
Filed: 1/11/2016 12:00:00 AM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED **BRENDA BROWN ELLINGTON V. NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA); NATIONAL SHARED SERVICES CENTER (NSSC); METLIFE INSURANCE COMPANY; OFFICE OF FEDERAL EMPLOYEE GROUP LIFE INSURANCE (FEGLI)**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Timberly J. Davis | Email:<br>timberly@tjdavislawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>Brenda Brown Ellington<br>_____ | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>713 Main St., Suite A1004 | Telephone:<br>713-224-7400 | _____ | |
| City/State/Zip:<br>Houston/Texas/77002 | Fax:<br>713-22407402 | Defendant(s)/Respondent(s):<br><br>National Aeronautics and Space | Additional Parties in Child Support Case:<br><br>Custodial Parent: |
| Signature:<br><br>_____ | State Bar No:<br>24040775 | Administration (NASA) National Shared<br>Services Center (NSSC);<br>Metlife Insurance Company;<br> Office of Federal Employee Group Life<br>Insurance (FEGLI) | _____<br>Non-Custodial Parent:<br><br>Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions<br>(non-Title IV-D)** |
| *Debt/Contract*<br>☒ Consumer/DTPA<br>☐ Debt/Contract<br>☒ Fraud/Misrepresentation<br>☐ Other Debt/Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| *Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☒ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Legal<br>☐ Medical<br>☐ Other Professional<br>   Liability: _____<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability<br>   List Product:<br><br>☐ Other Injury or Damage:<br>   _____ | **Related to Criminal<br>Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: _____ | **Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |  |
| | | | **Other Family Law**<br>☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: _____ | **Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Paternity/Parentage<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☒ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

For Official Governmental Use Only - Do Not Disseminate to the Public: 68505723 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016

Certified Document Number:        68505723 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CONFIRMED FILE DATE: 1/19/2016

For Official Governmental Use Only - Do Not Disseminate to the Public: 68716732 - Page 1 of 1



# CHRIS DANIEL

### HARRIS COUNTY DISTRICT CLERK

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

ENTERED _____
VERIFIED NC 01-26

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 2016-01421

ATY ___X___        CIV _____        COURT __61st__

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Davis, Timberly        PH: 713-224-7400

*CIVIL PROCESS SERVER: _____

*PH: _____

*PERSON NOTIFIED SVC READY: Adele D.

* NOTIFIED BY: Brianna

DATE: 1/26/16

---

| Type of Service Document: | CIT | Tracking Number | 73201387 |
| Type of Service Document: | CIT | Tracking Number | 73201394 |
| Type of Service Document: | CIT | Tracking Number | 73201385 |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |
| Type of Service Document: | | Tracking Number | |

**Process papers prepared by:** *Brianna J. Denmon*

**Date:** __January 19__ 2016        30 days waiting __2 - 18 - 16__

*Process papers released to: BRYAN TERHUNE
(PRINT NAME)

713-224-7400        _____
*(CONTACT NUMBER)        (SIGNATURE)

*Process papers released by: Shoniece Richardson
(PRINT NAME)

Shoniece Richardson
(SIGNATURE)

* Date: 1/26/16 ,2016        Time: 12:31   AM (PM)

Revised 12-15-2014



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016

Certified Document Number:        68716732 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2/3/2016 10:27:08 AM
Chris Daniel - District Clerk Harris County
Envelope No. 8928823
By: Justin Fitzgerald
Filed: 2/3/2016 10:27:08 AM

# T.J. DAVIS LAW FIRM, PLLC

ATTORNEY AT LAW
THE HOUSTON BAR CENTER
723 MAIN STREET, SUITE A1004
HOUSTON, TEXAS 77002
Tel: (713) 224-7400
Fax:(713) 224-7402

February 3, 2016

Honorable Chris Daniels
Harris County District Clerk
201 Caroline Street, Suite 420
Houston, Texas  77002

RE:     ***Request For Additional Citation Copy – Cause No. 2016-01421***
        Brenda Brown Ellington v. National Aeronautics and Space Administration (NASA),
        National Shared Services Center (NSSC), and Metlife Life Insurance Co. and Office of
        Federal Employee Group Life Insurance (OFEGLI)

TO HARRIS COUNTY DISTRICT CLERK:

On January 9, 2016, I filed an Original Petition.

In order to properly complete service of process for this case we need an additional copy of the citation to Office of Federal Employee Group Life Insurance (FEGLI), which will be sent to Loretta Lynch, Attorney General of the United States, in compliance with Fed. R. Civ. P. 4(i)(1)(A).

I submitted previous payment for $0.25 for an additional service copy. With this filing, I am also submitting an additional $8.00 for the additional citation copy.

Thank you for your prompt attention to this matter.

Sincerely,

/s/ Bryan Terhune
Bryan Terhune
Attorney

/s/ Timberly J. Davis
Timberly J. Davis
Attorney

For Official Governmental Use Only - Do Not Disseminate to the Public: 68835371 - Page 1 of 1



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016

Certified Document Number:        68835371 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CONFIRMED FILE DATE: 2/15/2016

For Official Governmental Use Only - Do Not Disseminate to the Public: 69128385 - Page 1 of 1



# CHRIS DANIEL

### HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED NC 02-18

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 2016-01421

ATY ___X___          CIV _____          COURT 61st

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| *ATTORNEY: Davis, Timberly J.     PH: 713-224-7400 |
| *CIVIL PROCESS SERVER: _____ |
| *PH: _____ |
| *PERSON NOTIFIED SVC READY: Paralegal |
| * NOTIFIED BY: Brianna |
| DATE: 2/18/16 @ 10.00 |

| | |
|---|---|
| Type of Service Document: CIT | Tracking Number 73216246 |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |
| Type of Service Document: _____ | Tracking Number _____ |

**Process papers prepared by:** *Brianna J. Denmon*

**Date:** February 15, 2016      **30 days waiting** 3 - 160 - 14

| |
|---|
| *Process papers released to: BRYAN CERHUNE |
| (PRINT NAME) |
| (SIGNATURE) |
| *(CONTACT NUMBER) _____ |
| *Process papers released by: Shaniece Richardson |
| (PRINT NAME) |
| Shaniece Richardson |
| (SIGNATURE) |
| * Date: 2/24/ , 2016   Time: 12:35 AM (PM) |

Revised 12-15-2014



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016

Certified Document Number:        69128385 Total Pages:  1

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 201401421

**ATY** _X_     **CIV** _____     **COURT** 618t

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Davis, Timberly    PH: 713.224.7400

*CIVIL PROCESS SERVER: _____

*PH: _____

*PERSON NOTIFIED SVC READY: _____

* NOTIFIED BY: _____

DATE: _____

Type of Service Document: CIT     Tracking Number 73210246
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____
Type of Service Document: _____     Tracking Number _____

**Process papers prepared by:** *Brianna J. Denmon*

**Date:** February 15, 2016     30 days waiting 3 - 15 - 16

*Process papers released to: _Beaux Hodges_
    **(PRINT NAME)**

_281-755-8990_
*(CONTACT NUMBER)     **(SIGNATURE)**

*Process papers released by: _____
    **(PRINT NAME)**

_____
    **(SIGNATURE)**

* **Date:** Feb 24, 2016    **Time:** 1:25   AM / **PM**

CONFIRMED FILE DATE: 2/15/2016

For Official Governmental Use Only - Do Not Disseminate to the Public: 69132303 - Page 1 of 1

Revised 12-15-2014



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016


Certified Document Number:      69132303 Total Pages:  1




*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS




**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO.   201601421

p.2

RECEIPT NO.                    0.00        ATY

*********                              TR # 73207394

| PLAINTIFF: ELLINGTON, BRENDA BROWN | In The   61st |
| vs. | Judicial District Court |
| DEFENDANT: NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA) | of Harris County, Texas |
| | 61ST DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: OFFICE OF FEDERAL EMPLOYEE GROUP LIFE INSURANCE (FEGLI) BY SERVING
    ATTORNEY KENNETH MAGIDSON UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF
    TEXAS
    1000  LOUISIANA SUITE 2300   HOUSTON  TX  77002

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE RELIEF AND
REQUEST FOR DISCLOSURE

This instrument was filed on the 11th day of January, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 19th day of January, 2016, under my hand and
seal of said Court.

Issued at request of:
DAVIS, TIMBERLY J.
723  MAIN ST. SUITE A1004
HOUSTON, TX  77002
Tel: (713) 224-7400
Bar No.:  24040772

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: DENMON, BRIANNA JANEL  3B5/X10281853

FILED
Chris Daniel
District Clerk
FEB 2 6 2016
Harris County, Texas
By _____ Deputy

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11:40 o'clock A.M., on the 16 day of February, 2016.

Executed at (address) 1000 Louisiana Suite 2300 Houston, TX 77002 in

Harris County at 2:35 o'clock P.M., on the 17 day of February,

2016, by delivering to Pamela Anderson for Kenneth Magidson defendant, in person, a

true copy of this Citation together with the accompanying 1 copy(ies) of the Petition

Original Petition, Request for Equitable Relief and Request for Disclosure

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 26 day of February, 2016.

FEE: $_____

_____

_____ of _____ County, Texas

_____          By _____
Affiant                                        Deputy

On this day, Beaux J Hodges, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 26 day of February, 2016.

EDGAR VILLEGAS
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 3/9/2019
NOTARY ID 13014400-2

_____
Notary Public

N.INT.CITR.P                        *73207394*

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Confirmed file date: 2/26/2016

For Official Governmental Use. Do Not Disseminate to the Public. 69/19/9/74 - Page 1 of 2

CASE NO. <u>201601421</u>

STATE OF TEXAS                                           *
                                                        *
                                                        *
                        **RETURN OF SERVICE**

I received this citation, along with a copy of the PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR

EQUITABLE RELIEF, AND REQUEST FOR DISCLOSURE, on <u>02/16/2016</u> at <u>11:40am</u>.

On <u>02/17/2016</u>, at <u>2:35pm</u>, I personally delivered to

<u>Pamela Anderson for Attorney Kenneth Magidson, US Attorney for Southern District of Texas</u>

Defendant, a Citation and a copy of the PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE
RELIEF, AND REQUEST FOR DISCLOSURE in the matter styled:

**ELLINGTON, BRENDA BROWN**
**vs.**
**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA)**

<u>After speaking to the receptionist at US Attorney's Office, Pamela
Anderson appeared to accept service. Ms. Anderson is a
black female, approx 5'6" tall with short hair. Ms. Anderson signed
the top of the return citation and made a copy for her records.</u>

My name is Beaux Hodges, DOB 3/6/1980, and my address is PO Box 90923, Houston, TX 77290. I am
over the age of eighteen, and a disinterested party in this matter. I declare under penalty of perjury that
the foregoing is true and correct.

Executed in Harris County, State of Texas, on the <u>17</u> day of <u>February</u>, 20<u>16</u>.

BEAUX HODGES
PRIVATE PROCESS SERVER
SCH 10810   Exp. 3/31/2017





I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016

Certified Document Number:       69180974 Total Pages:  2

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CONFIRMED FILE DATE: 2/26/2016

CAUSE NO.   201601421

RECEIPT NO.

**********     0.00    ATY

P.2

TR # 73207385

PLAINTIFF: ELLINGTON, BRENDA BROWN
    vs.
DEFENDANT: NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA)

In The   61st
Judicial District Court
of Harris County, Texas
61ST DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA) NATIONAL
AERONAUTICS AND SPACE ADMINISTRATION NATIONAL SHARED SERVICES CENTER (NSSC)
BY SERVING THE ASSOCIATE CHIEF COUNSEL GENERAL LAW PRACTICE GROUP
NASA JOHNSON SPACE CENTER
2101  NASA PARKWAY   HOUSTON TX  77058

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR EQUITABLE RELIEF AND REQUEST FOR DISCLOSURE

This instrument was filed on the 11th day of January, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 19th day of January, 2016, under my hand and seal of said Court.

FILED
Chris Daniel
District Clerk
FEB 26 2016
Harris County, Texas
By _____ Deputy

Issued at request of:
DAVIS, TIMBERLY J.
723  MAIN ST. SUITE A1004
HOUSTON, TX  77002
Tel: (713) 224-7400
Bar No.:  24040772

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: DENMON, BRIANNA JANEL 3B5//10281853

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11:40 o'clock A .M., on the 16 day of February , 2016 .
Executed at (address) 110 2nd St   Houston, TX 77058 in
Harris County at 1:28 o'clock P .M., on the 19 day of February, 2016, by delivering to Amy Xenafos for NASA defendant, in person, a true copy of this Citation together with the accompanying 1 copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. Plaintiff's Original Petition, request for Equitable Relief and Request for Disclosure
To certify which I affix my hand officially this 26 day of February , 2016 .

FEE: $ _____

_____ of _____ County, Texas

By _____ Deputy

Affiant   EV   Beaux J Hodges

On this day, February 26, 2016 , known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 26 day of February , 2016 .

_____ Notary Public

EDGAR VILLEGAS
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 3/9/2019
NOTARY ID 13014400-2

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

INT.CITR.P   *73207385*



CASE NO. <u>201601421</u>

STATE OF TEXAS              *
                                    *
                                    *

### RETURN OF SERVICE

I received this citation, along with a copy of the PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR

EQUITABLE RELIEF, AND REQUEST FOR DISCLOSURE, on 2/16/16 at 11:40am.

On 2/19/16, at 1:28pm, I personally delivered to <u>Amy Xenafos for National Aeronautics and Space</u>
<u>Administration (NASA)</u>, Defendant, a Citation and a copy of the PLAINTIFF'S ORIGINAL PETITION,
REQUEST FOR EQUITABLE RELIEF, AND REQUEST FOR DISCLOSURE in the matter styled:

**ELLINGTON, BRENDA BROWN**
**vs.**
**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION (NASA)**

After being stopped at the NASA security checkpoint, I was directed to 110 2nd St located just beside the
checkpoint. Inside the visitor/badge processing center, I was eventually met by a private security officer
who then made contact with NASA legal. Amy Xenafos arrived shortly after and accepted service. Mrs.
Xenafos was a white female with brown, shoulder length hair, approximately 5'7" tall. She signed the
top of the return citation and also spelled it out clearly on a sticky note.

My name is Beaux Hodges, DOB 3/6/1980, and my address is PO Box 90923, Houston, TX 77290. I am
over the age of eighteen, and a disinterested party in this matter. I declare under penalty of perjury that
the foregoing is true and correct.

Executed in Harris County, State of Texas, on the __19__ day of __February__, 20__16__.

BEAUX HODGES
PRIVATE PROCESS SERVER
SCH 10810  Exp. 3/31/2017

*Amy Xenafos*

**FILED**
Chris Daniel
District Clerk

Time: _____

FEB 26 2016

Harris County, Texas

By _____

Deputy

For Official Governmental Use Only - Do Not Disseminate to the Public: 69180975 - Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 2, 2016

Certified Document Number:      69180975 Total Pages:  2

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**